**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
_____
                                :
ANGEL M. GONZALEZ,              :
                                :   Civil Action No.
            Petitioner,         :   09-2685 (RBK)
                                :
       v.                       :
                                :
CECIL LEWARS, et al.,           :   MEMORANDUM
                                :   ORDER
            Respondents.        :
_____ :
```

This matter comes before the Court upon Petitioner's filing of a petition for writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2241, see Docket Entry No. 1, and it appearing that:

1. On December 11, 2008, Petitioner was transferred from general prison population to the Special Housing Unit ("SHU"), allegedly on the grounds that, shortly prior to the transfer, Petitioner committed a certain disciplinary infraction. See id. at 2-3. However (allegedly in violation of a certain program statement), the incident report executed on the grounds of the aforesaid disciplinary infraction was not read to the Petitioner either within the purportedly required period of 72 hours after the infraction took place or withing the purported permissible extended period of five days from the date of the infraction. See id. at 3-3.

2.  Accordingly, Petitioner asserts that his placement in the SHU, as well as the lack of a timely reading of the incident report, violated Petitioner's due process rights. Asserting § 2241 jurisdiction, Petitioner maintains that these alleged violations qualify him for habeas relief in the form of an order directing: (a) his release from the SHU into general prison population; and (b) an expedited administrative hearing on the charges ensuing from the alleged infraction. See id. at 5.

3.  This Court is without jurisdiction to entertain Petitioner's habeas challenges. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." Id. Indeed, in Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court unambiguously explained that "habeas corpus is the appropriate remedy [only] for . . . prisoners attacking the validity of the fact or length of their confinement." Id. at 490. The Court of Appeals for the Third Circuit summarized this important distinction as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

4. Hence, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if the court's judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons). Instructively, in Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002), the Court of Appeals held that habeas relief was unavailable to an inmate seeking release from disciplinary segregation to general prison population, and a habeas challenge requesting such relief should be dismissed for lack of jurisdiction.

5.  Here, same as in <u>Bronson</u>, the relief sought by Petitioner is an order directing his release from one form of confinement to another. Since the overall length of Petitioner's incarceration could not possibly be affected by such order, habeas relief is unavailable to Petitioner as to his housing claim. <u>A</u> <u>fortiori</u>, such relief is inapplicable to Petitioner's claim that he was not provided with a timely reading of his incident report: neither such reading nor the lack thereof might have any effect of Petitioner's term of imprisonment.

6.  Finally, this Court finds it imprudent to re-qualify, <u>sua</u> <u>sponte</u>, the Petition into a civil complaint since, upon such re-qualification, Petitioner would be required to either prepay his filing fee of $350 (or to undertake the financial responsibility of paying this very sum in installments upon the Court's grant of his <u>in</u> <u>forma</u> <u>pauperis</u> application) and, in addition, would be subject to the provisions of the Prisoner Litigation Reform Act of 1995, including the three strikes provision of 28 U.S.C. § 1915(g). Simply put, if Petitioner desires to raise his claims in a civil complaint, he is entitled to make such choice freely and intelligently, and not to have his intentions second-guessed by this Court. <u>See</u> <u>id.</u> at 554.[1]

---

[1] The Court stresses that no statement made in the instant Order should be construed by Petitioner or any other entity as expressing this Court's opinion as to potential substantive

IT IS on this   29th   day of     June    , 2009,

ORDERED that the Petition for a Writ of Habeas Corpus, Docket Entry No. 1, is DISMISSED for lack of jurisdiction.  Such dismissal, however, is without prejudice to Petitioner's raising his claims in a timely civil complaint; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, together with a blank civil complaint form and a blank application to proceed in forma pauperis in a civil action; and it is finally

ORDERED that the Clerk shall close the file on this matter.

                                        s/Robert B. Kugler
                                        **Robert B. Kugler**
                                        **United States District Judge**

---

and/or procedural validity or invalidity of Petitioner's claims, in the event these claims are raised in a civil complaint.